| xDECUIR, Judge,
dissenting.
Where the trial court’s conclusions are based on determinations regarding credibility of witnesses, the manifest error/elearly wrong standard of review demands great deference to the trier of fact, for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989); Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96); 666 So.2d 1073. The majority ignores this standard enunciated again and again by our supreme court. The trial court concluded the impact of the vehicles was not sufficient enough to cause physical injury. That finding is not manifestly erroneous but is supported by the evidence. This case involves a very minor accident in which there was no damage to either vehicle. The defendant testified he merely “tapped” plaintiffs vehicle. He testified the impact was so slight it did not cause him to move in his vehicle, nor was the impact hard enough to cause plaintiff to move in her vehicle. Plaintiff never missed a day of work from her employment at St. Patrick’s Hospital, where she never sought treatment. The opinion of plaintiffs physician, Dr. Brosnan, a chiropractor, was based on the supposition that the impact was sufficient to cause 12plamtiffs alleged injury. Dr. Bosnan’s opinion was based upon what his patient told him.
The trial judge found from his evaluation of the evidence and credibility of the witnesses that the impact was so slight it did not cause physical injury and, therefore, did not award damages for physical injuries. The trial judge did award emotional distress damages of $250 for the “minimum upset of shock attendant such a mini-accident.”
The trier of fact found the plaintiff was not credible. Applying the manifest error/clearly wrong standard of appellate review, his finding should not be reversed. I respectfully dissent.